**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Chambers of** | **101 West Lombard Street** |
| **Douglas R. Miller** | **Baltimore, Maryland 21201** |
| **United States Magistrate Judge** | **MDD_DRMChambers@mdd.uscourts.gov** |
| | **(410) 962-7770** |

May 11, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Tai-Shan H. v. Frank Bisignano, Commissioner, Social Security Administration*
       Civil No. 25-2642-DRM

Dear Counsel:

On August 11, 2025, Plaintiff Tai-Shan H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 11 and 14). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

### I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") Benefits on June 6, 2022, alleging a disability onset of January 1, 2019, subsequently amended to June 6, 2022. Tr. 27. Plaintiff's claims were denied initially and on reconsideration. Tr. 27. On July 9, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 27-38. Following the hearing, on September 24, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 38. On July 24, 2025, the Appeals Council denied Plaintiff's request for review, Tr. 11-15, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

---

[1] 42 U.S.C. §§ 301 et seq.

*Tai-Shan H. v. Frank Bisignano*
Civil No. 25-2642-DRM
May 11, 2026
Page 2

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 6, 2022, the application date." Tr. 29. At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "multiple sclerosis, osteoarthritis of the bilateral knees, tibial stress syndrome, bilateral plantar fasciitis, bilateral patellofemoral joint syndrome, bilateral epicondylitis, obesity, generalized anxiety disorder, major depressive disorder, cognitive impairment, cyclothymic disorder, and bipolar disorder." Tr. 29. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hemorrhoid," "history of appendicitis," "gastroesophageal reflux disease," and "nodular thyroid disease." Tr. 29-30. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 30. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally be exposed to extreme cold, extreme heat, and hazards. The claimant can frequently finger, handle, and reach bilaterally. The claimant can understand, remember, and carry out simple and complex instructions. The claimant cannot work at a production pace. The claimant can tolerate few changes in a routine work setting. The claimant can frequently interact with supervisors and co-workers. The claimant can occasionally perform tandem work. The claimant can have occasional interaction with the public.

Tr. 33. At steps four and five, the ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy, such as parimutuel ticket checker, surveillance systems monitor, and document preparer. Tr. 37-38. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 38.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In

*Tai-Shan H. v. Frank Bisignano*
Civil No. 25-2642-DRM
May 11, 2026
Page 3

conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff makes ten arguments. Plaintiff argues that the ALJ did not provide the required narrative discussion explaining how the evidence supported each conclusion. ECF No. 11 at 6-8. Plaintiff also argues that the ALJ did not provide an adequate explanation for limitations in the RFC, specifically that the ALJ "failed to provide any explanation of what she meant by the term 'production pace.'" ECF No. 11 at 9-11. Plaintiff contends that the ALJ failed to explain how, given Plaintiff's limitations, Plaintiff could remain on task 90 to 95 percent of a full workday, and also that the ALJ failed to include any restrictions for one of Plaintiff's mental limitations (concentration, persistence, and pace). ECF No. 11-13. Plaintiff maintains that the ALJ failed to address how Plaintiff could perform work-related activities for a full workday, five days per week. ECF No. 11 at 14-15. Plaintiff also argues that the ALJ failed to include any restrictions for one of Plaintiff's physical limitations (spastic neurogenic bladder). ECF No. 11 at 15-16. Plaintiff further contends that the ALJ cited only to the objective medical evidence in assessing Plaintiff's subjective complaints, thereby erroneously requiring "Plaintiff to prove the type and degree of his subjective complaints by objective medical evidence." ECF No. 11 at 16-19. Plaintiff also contends that the ALJ "did not adequately address the intensity and persistence of the Plaintiff's symptoms." ECF No. 11 at 20-22. Plaintiff argues that the ALJ's erroneously analyzed the intensity, persistence, and limiting effects of Plaintiff's subjective mental health symptoms with respect to their consistency with objective medical evidence. ECF No. 11 at 22-23. Finally, Plaintiff argues that the ALJ failed in that analysis to identify which of Plaintiff's specific statements and medical evidence were inconsistent with each other. ECF No. 11 at 23-25.

In response, the Commissioner contends that the ALJ's decision includes "detailed consideration of the functions," with "adequate analysis for proper review." ECF No. 14 at 7. The Commissioner adds that Plaintiff does not argue additional limitations are required to accommodate Plaintiff's physical impairments. ECF No. 14 at 7. The Commissioner argues that the ALJ's discussion "considered Plaintiff's statements regarding his symptoms in detail" and supports her conclusions. ECF No. 14 at 8-9. He also argues that the ALJ applied the proper framework to evaluate Plaintiff's subjective symptoms, and that the cases Plaintiff cites are distinguishable from Plaintiff's circumstances. ECF No. 14 at 9-11. The Commissioner adds that the ALJ "fairly characterized Plaintiff's testimony" and considered Plaintiff's daily activities as only "one factor among many." ECF No. 14 at 11-12. He argues that the ALJ did not dismiss Plaintiff's subjective complains "entirely" because they were not corroborated by objective medical evidence, but because they were inconsistent with the evidence. ECF No. 14 at 12-13.

*Tai-Shan H. v. Frank Bisignano*
Civil No. 25-2642-DRM
May 11, 2026
Page 4

This opinion focuses on Plaintif's argument related to the RFC restriction that Plaintiff cannot perform work at a "production pace." Tr. 33.

In *Thomas v. Berryhill*, the Fourth Circuit found that an ALJ's RFC limitation excluding work that "require[d] a production rate or demand pace" prevented meaningful judicial review because the ALJ failed to explain what those phrases meant. 916 F.3d 307, 312 (4th Cir. 2019), *as amended* (Feb. 22, 2019). With "production rate" and "demand pace" left undefined, the court concluded that it was "difficult, if not impossible" to determine "whether their inclusion in [the] RFC is supported by substantial evidence." *Id*. Without deciding whether the RFC itself was substantively correct, the court remanded for "a clearer window into" the ALJ's reasoning. *Id*. at 313, n.5.

Although the court in *Thomas* identified additional grounds for remand, later decisions have relied solely on the failure to define ambiguous RFC terms as sufficient justification for reversal. *See Perry v. Berryhill,* 765 F. App'x 869, 873 (4th Cir. 2019) ("Because the ALJ's failure to explain the meaning of 'non-production oriented work setting' requires us 'to guess about how [she] arrived at [her] conclusions' and leaves us 'uncertain as to what [she] intended,' we conclude that her assessment is 'lacking in the analysis needed for us to review meaningfully [her] conclusions'") (quoting *Mascio v. Colvin*, 780 F.3d 632, 636–37 (4th Cir. 2015)).[2] *See also, e.g., Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548 (4th Cir. Jan. 7, 2025) (the phrase "no fast paced production requirements such as assembly line work or piecemeal quotas," was not an adequate description because "there [was] uncertainty as to the intended scope of the limitation, and such uncertainty preclude[d] meaningful review as to whether there is a logical bridge between the evidence in the record and the ALJ's conclusion."); *Adrian H. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3268, 2022 WL 112033, at *1 (D. Md. Jan. 12, 2022) (remanding where an "ALJ presented the VE with a hypothetical including 'no fast pace or strict production requirements,' with no further definition of those terms"); *Trena Sue Y. v. Kijakazi*, No. DLB-20-1075, 2021 WL 4034264, at *4 (D. Md. Sept. 3, 2021) (remanding where RFC limited plaintiff to work "requiring no fast paced production," which the court analogized to the terms in *Thomas* and *Perry* "both in form and defect"); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("First, while the phrase 'production rate pace' is used in an appendix to the DOT, a definition is not provided. Second, the term 'production pace or strict production quotas' is directly analogous to the term deemed problematic in *Thomas*, and the Court cannot ascertain how the inclusion of the word 'strict' would cure the problem identified by the Fourth Circuit.")[3]; *Nora P. v. Comm'r Soc. Sec.*, No. SAG-18-1604, 2019 U.S. Dist. LEXIS 68383,

---

[2] Unpublished Fourth Circuit opinions are "cited for the persuasiveness of their reasoning, not for any precedential value." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 580 (D. Md. 2022).

[3] The term "production rate pace" appears in Appendix C to the Department of Labor's *Dictionary of Occupational Titles* ("DOT"), in a section enumerating three situations in which occupations that would otherwise be classified as "sedentary work" (because the amount of weight lifted is negligible) instead qualify as "light work." The third such situation is: "when the job requires

Tai-Shan H. v. Frank Bisignano
Civil No. 25-2642-DRM
May 11, 2026
Page 5

at *4-5 (D. Md. Apr. 23, 2019) (remand warranted where RFC failed to define phrase "no fast pace or strict production requirements.").

Here, the RFC term "production pace," Tr. 33, is "analogous to the terms in *Thomas* ('production rate' or 'demand pace') and *Perry* ('non-production oriented work setting'), both in form and defect." *Trena Sue Y.*, 2021 WL 4034264, at *4. Indeed, this Court has recently remanded very similar formulations for the same reasons. *Chad H. v. Bisignano*, No. DRM-25-0380, 2026 WL 483338, at *3-*5 (D. Md. Feb. 20, 2026) ("specific production rates"); *Lauren E. v. Bisignano*, No. DRM-24- 03065, 2026 WL 319107, at *4 (D. Md. Feb. 6, 2026) ("production pace" and "production pace as defined in the SCO.").

For the same reasons, it is difficult for the Court to ascertain whether the RFC finding in this case was supported by substantial evidence, *see Thomas*, 916 F.3d at 311-12, or whether it was possible for the VE to know whether a person limited to work not involving a "production pace" could perform the job functions of parimutuel ticket checker, surveillance systems monitor, and document preparer.

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

---

working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." U.S. Dep't of Labor, *Dictionary of Occupational Titles*, Appendix C — Components of the Definition Trailer, 1991 WL 688702 (4th ed. 1991). The discussion goes on to explain: "NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible." *Id.* Nearly-identical language appears in the DOT's companion volume, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"), Appendix C – Physical Demands: "working at a production rate pace while constantly pushing or pulling materials even though the weight of the materials is negligible." However, no definition is given of "production rate pace" in either volume, and the term's use in this narrow context does not elucidate a general meaning.

*Tai-Shan H. v. Frank Bisignano*
Civil No. 25-2642-DRM
May 11, 2026
Page 6

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge